# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6296 | **DATE** | September 19, 2011 |
| **CASE TITLE** | Bennie K. Ellison (R00575) v. IDOC | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is denied pursuant to 28 U.S.C. § 1915(g) and the complaint is summarily dismissed with prejudice due to the fact that plaintiff has "struck out" and his failure to advise the Court of that fact. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). Plaintiff's motion for leave to file *i.f.p.*, motion to cross examine, motion for appointment of counsel (Dkt. Nos. 4, 5, 6), and any other pending motions are denied as moot. The case is terminated. Plaintiff is obligated to pay the full filing fee. 28 U.S.C. 1915(b)(1).

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

*Pro se* Plaintiff Bennie K. Ellison has filed suit pursuant to 42 U.S.C. 1983 concerning a conflict with IDOC officials on August 3, 2011. The correctional officers told him to throw away his food tray. Plaintiff refused, leading to a confrontation. Plaintiff alleges that the officers used excessive force and failed to address his injuries. Plaintiff has previously accumulated at least three strikes under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(g), but failed to inform the Court of this fact when filing this case and his motion for leave to proceed *in forma pauperis*. He does not allege that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The PLRA provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff previously accumulated at least three strikes under § 1915(g) prior to filing this suit on September 9, 2011. *See Ellison v. Illinois*, No. 07 C 2296 (N.D. Ill. Nov. 9, 2007) (Norgle, J.); *Ellison v. Sheriff of Cook County*, No. 09 C 5438 (N.D. Ill. Feb. 2, 2010) (Kennelly, J.); *Ellison v. United States Judicial Committee of District Court*, No. 11 C 1764 (N.D. Ill. Mar. 22, 2011) (Manning, J.); *Ellison v. Manion*, No. 11 C 2600 (N.D. Ill. Apr. 26, 2011) (Norgle, J.); *Ellison v. Joyce*, No. 11 C 2722 (N.D. Ill. May 23, 2011) (Gottschall, J.).

Plaintiff has previously been warned that he must comply with 28 U.S.C. § 1915(g) and with *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999), which requires a plaintiff who has struck out to inform the court of that fact when seeking leave to proceed *in forma pauperis*. *See Ellison v. U.S. Judicial Committee of District Court*, No. 11 C 1764 (N.D. Ill. Mar. 22, 2011) (Manning, J.); *Ellison v. Dart*, No. 11 C 2526 (N.D. Ill. June 24, 2011) (Kennelly, J.); *Ellison v. Joyce*, No. 11 C 2722 (N.D. Ill. May 23, 2011) (Gottschall, J.). Plaintiff filed the present suit without disclosing any of his prior strikes. Plaintiff's request to proceed *in forma pauperis* without informing the Court of his prior three strikes constitutes an attempted fraud on the Court. Plaintiff's complaint is dismissed with prejudice and this case is terminated pursuant to *Sloan*, as well as under § 1915(g). Plaintiff remains obligated to pay the full filing fee. *See* 28 U.S.C. §1915(b)(1); *Sloan*, 181 F.3d at 859.